# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| **GERALD MILLER,** ) | |
| ) | |
| Plaintiff, ) | **Civil Action No.** |
| ) | |
| v. ) | **Jury Trial Demanded** |
| ) | |
| **EOS CCA,** ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

GERALD MILLER ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against EOS CCA ("Defendant"):

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant regularly conducts business in the State of Tennessee therefore personal jurisdiction is established.

1

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Oak Ridge, Tennessee 37830.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. In the alternative, Plaintiff is a person granted a cause of action under the FDCPA. See 15 U.S.C. § 1692k(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8. Defendant is a corporation specializing in debt collection with its principal place of business located at 700 Longwater Drive, Norwell, Massachusetts 02061.

9. Upon information and belief, Defendant is a corporation that provides call center, collections, insurance and debt purchase services to companies in the United States.

10. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

12. At all times material herein, Defendant was attempting to collect a consumer debt and contacted Plaintiff in its attempts to collect that debt.

13. The debt as issue, a student loan, arose out of transaction primarily for personal, family, or household purposes.

14. Plaintiff never incurred any debt in connection with a business or commercial activities, and therefore, the debt, if truly an obligation owed by him, could have only arisen from a financial obligation for primarily for personal, family, or household purposes.

15. Beginning in or around January 2015, Defendant began placing repeated harassing calls to Plaintiff on his cellular telephone.

16. Defendant's calls originated from the numbers including, but not limited to; (800) 896-4539. The undersigned has confirmed that this number belongs to Defendant.

17. On multiple occasions in which Plaintiff spoke to Defendant's collector's he informed them that he was unable to make payments due to limited work as evident by his current enrollment in the Social Security Benefits for Work Program.

18. As such, Plaintiff advised Defendant to stop calling him in early July 2015.

19. However, his request was ignored and Defendant continued to call him.

20. When Defendant failed at reaching Plaintiff, it began calling his work phone, as well as, a family member, "Tina Stout."

21. When contacting "Tina Stout" Defendant disclosed that it was attempting to collect a consumer debt from Plaintiff, at which point, "Tina Stout" informed them that she did not have any information regarding Plaintiff or the matter at issue, and as such, to cease communication to her immediately.

22. Defendant continued to harass "Tina Stout", calling her telephone continuously between October 2013 and July 2015.

23. Furthermore, when Defendant began calling Plaintiff's work telephone, Plaintiff advised them that he was unable to take personal calls while at work, yet he received several calls at that number thereafter.

24. Defendant's actions herein, were taken with intent to harass, abuse, and otherwise annoy Plaintiff in connection with the collection of a debt.

## COUNT I
## DEFENDANT VIOLATED § 1692c(a)(3) OF THE FDCPA

25. A debt collector violates § 1692c(a)(3) by calling a consumer's place of employment if the debt collector knows or has reason to know that eh consumer's employer prohibits the consumer from receiving such communication.

26. Defendant violated § 1692c(a)(3) of the FDCPA when it repeatedly called Plaintiff's place of employment after being advised to cease.

## COUNT II
## DEFENDANT VIOLATED § 1692c(b) OF THE FDCPA

27. A debt collector violates § 1692c(b) by communicating with anyone other than a consumer in connection with the collection of any debt, without prior express consent given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy.

28. Defendant violated § 1692c(b) of the FDCPA by calling Plaintiff's cousin, "Tina Stout," multiple times without sincere purpose or consent to do so.

## COUNT III
## DEFENDANT VIOLATED § 1692d OF THE FDCPA

29. A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

30. Defendant violated § 1692d when it placed repeated harassing telephone calls to Plaintiff; and when it continued to call Plaintiff after being informed its call were unwanted.

## COUNT IV
## DEFENDANT VIOLATED § 1692d(5) OF THE FDCPA

31. A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

32. Defendant violated §1692d(5) when it placed repeated harassing telephone calls to Plaintiff's cellular telephone with the intent to annoy, abuse, or harass Plaintiff.

WHEREFORE, Plaintiff, GERALD MILLER, respectfully prays for a judgment as follows:

   a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);
   b. Statutory damages of $1,000.00 for its violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);
   c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and
   d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, GERALD MILLER, demands a jury trial in this case.

| | | |
|---|---|---|
| 1 | | Respectfully submitted, |
| 2 | | |
| 3 | DATED: August 20, 2015 | By: /s/ Amy L. Bennecoff Ginsburg |

Amy L. Bennecoff Ginsburg, Esquire
BPR # 28563
Kimmel & Silverman, P.C.
30 E. Butler Avenue
Ambler, PA 19002
Tel: (215) 540-8888
Fax: (877) 788-2864
Email: aginsburg@creditlaw.com
Attorney for Plaintiff