# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| GERALD MILLER, | ) |
|         Plaintiff, | ) |
| v. | ) CASE NO. 2:15-cv-00223 |
| EOS CCA, | ) |
|         Defendant. | ) |

## REPORT OF THE PARTIES' PLANNING MEETING

Plaintiff Gerald Miller ("Plaintiff") and defendant EOS CCA ("Defendant") submit this Joint Rule 26(f) Conference Report and Discovery Plan. The counsel identified below participated in the discovery conference required by Fed. R. Civ. P. 26(f) and agreed to the following:

1. The undersigned counsel participated in a Fed. R. Civ. P. 26(f) conference on November 4, 2015.

2. Initial Disclosures. The parties will provide initial disclosures by **December 2, 2015**.

3. Discovery Plan. The parties propose this discovery plan:

   (a) Discovery will be needed on these subjects: **Discovery will be needed on all issues presented by this case, namely the Plaintiff's theories of liability and damages and on the Defendant's defenses. The parties agree that all discovery matters will be governed by the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Tennessee.**

   (b) Disclosure or discovery of electronically stored information should be handled as follows:

**(1)** **The parties may be requested to disclose or produce information from electronic or computer based media, but the parties believe that disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business.**

**(2)** **If the data is identified by the parties as not reasonably accessible because of undue burden or cost, the parties shall be allowed under Rule (26)(b)(2)(B) to file a motion to compel discovery or for a protective order.**

**(3)** **The format and media of the data disclosed or produced must be in a form that is reasonably accessible and usable or the parties must translate it into a reasonably accessible and usable form.**

**(4)** **Reasonable measures have been taken by the parties to preserve potentially discoverable data (as described above) from alteration or destruction in the ordinary course of business or otherwise.**

**(5)** **There are currently no other problems that the parties anticipate may arise in connection with electronic or computer based discovery.**

**(6)** **Discovery requests and responses are to be made to the undersigned counsel.**

(c) The parties agree to return any inadvertently disclosed privileged and/or trial-preparation material in accordance with Federal Rule of Civil Procedure 26 (b)(5)(B) and Federal Rule of Evidence 502(b).

(d) Dates for commencing and completing discovery, including discovery to be commenced or completed before other discovery. **All discovery shall be completed by <u>July 8, 2016</u>.**

(e) Maximum number of interrogatories by each party to another party. **25**

(f) Maximum number of requests for admission. **25**

(g) Maximum number of requests for production. **25**

(h) Maximum number of depositions for each party. **7**

(i) The parties agree that each deposition should be limited to one day for a maximum of seven hours, exclusive of breaks, unless agreed to by the parties or ordered by the Court.

(j) Dates for exchanging reports of expert witnesses. **Plaintiff: <u>March 11, 2016</u> and Defendant: <u>April 11, 2016.</u>**

(k) Dates for supplementations under Rule 26(e). **<u>April 29, 2016.</u>**

4. Other Items:

(a) The parties do not request a meeting with the court before a scheduling order.

(b) Requested dates for pretrial conference. **<u>November 18, 2016.</u>**

(c) Final dates for the plaintiff to amend pleadings or to join parties. **<u>January 8, 2016.</u>**

(d) Final dates for the defendant to amend pleadings or to join parties. **<u>February 8, 2016.</u>**

(e) Final dates to file dispositive motions. **<u>August 12, 2016.</u>**

(f) At this point in the case, it is too early to determine whether settlement is likely; however, the parties agree to continue to discuss settlement and hold open the option of mediation of this matter.

(g) Pretrial Disclosures: Final lists of witnesses and exhibits, and designations of witnesses whose testimony will be presented by deposition, under Rule 26(a)(3)(A), shall be due thirty (30) days before trial.

(h) Objections to Pretrial Disclosures: The parties shall have fourteen (14) days after service of Pretrial Disclosures (final lists of witnesses and exhibits) to make any objections under Rule 26(a)(3)(B).

(i) The case will be ready for trial on **December 12, 2016** and is expected to last two to three (2-3) days.

(j) Other matters. The parties anticipate that a protective order will be required.

5. Synopsis of the case advising the Court of the general claims and defenses of the parties. **Plaintiff's claims arise out of alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"). Defendant denies that it is liable for any alleged violations of the FDCPA. Further, Defendant asserts that any alleged violation of the law, which Defendant denies, was not intentional and resulted, if at all, from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.**

6. The parties do not consent to the exercise of jurisdiction by a magistrate judge.

Respectfully submitted this 5th day of November, 2015.

*s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg (BPR # 28563)
Kimmel & Silverman, PC
30 East Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
agnisburg@creditlaw.com

Attorney for Plaintiff
GERALD MILLER


*s/ Alan D. Leeth*
Alan D. Leeth (BPR # 022358)
Zachary D. Miller (BPR# 032674)
Holly V. Rhea (BPR # 033506)

BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
aleeth@burr.com

BURR & FORMAN, LLP
511 Union Street, Suite 2300
Nashville, TN 37219
Telephone: (615) 724-3237
Facsimile: (615) 724-3337
zmiller@burr.com
hrhea@burr.com

Attorneys for Defendant
EOS CCA